IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

HICKMAN TIMBER, INC.                      PLAINTIFF

CIVIL ACTION NO. 21-176

JOHN DEERE CONSTRUCTION AND FORESTRY COMPANY,
DEERE AND COMPANY,
AND JOHN DOES 1-10                      DEFENDANTS

## SUMMONS

STATE OF MISSISSIPPI
COUNTY OF STONE

TO:    John Deere Construction and Forestry Company
        c/o CT Corporation System
        645 Lakeland East Dr., Ste. 101
        Flowood, MS 39232

### NOTICE TO THE DEFENDANT

THE AMENDED COMPLAINT OR PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

       You are required to mail or hand-deliver a copy of a written response to the Amended Complaint to Seth M. Hunter, attorney for the Plaintiffs, whose post address is Post Office Box 2055, Hattiesburg, Mississippi 39403 and street address is 226 W. Pine St., Hattiesburg, Mississippi 39401. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

       You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

       Issued under my hand and the seal of said Court, this 18th day of January, 2022.

TREBA DAVIS,
CIRCUIT CLERK,
STONE COUNTY, MISSISSIPPI
BY: _____
DEPUTY CLERK

EXHIBIT B

**ATTORNEY FOR PLAINTIFF:**

Seth M. Hunter (MSB# 101145)
Dukes Dukes & Hunter
Post Office Box 2055
Hattiesburg, Mississippi 39403
Tel: (601) 544-4121
Fax: (601) 544-4425
E-Mail: shunter@jdukeslaw.com

IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

HICKMAN TIMBER, INC.                                                                PLAINTIFF

V.                                                                      CIVIL ACTION NO. 21-176

JOHN DEERE CONSTRUCTION & FORESTRY COMPANY,
DEERE & COMPANY,
AND JOHN DOES 1-10                                                              DEFENDANTS

## AMENDED COMPLAINT

*JURY TRIAL REQUESTED*

COMES NOW, Plaintiff, Hickman Timber, Inc., and files this, its Amended Complaint, seeking a jury trial herein, against John Deere Construction & Forestry Company, Deere & Company and John Does 1-10, and in support thereof states as follows:

### PARTIES

1. Hickman Timber, Inc. is a Mississippi domestic corporation in the State of Mississippi and licensed to conduct business in the State of Mississippi.

2. John Deere Construction & Forestry Company is a foreign corporation registered in the State of Delaware with its principal office address in the State of Illinois and may be served with process of this Court upon its registered agent, CT Corporation System, 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

3. Deere & Company is a foreign corporation registered in the State of Delaware with its principal office address in the State of Illinois and may be served with process of this Court upon its registered agency, CT Corporation System, 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

4.	John Does 1-10 are persons and/or entities whose identities are not yet known but are believed to be liable, and who will be substituted into the suit once their identities are discovered.

## JURISDICTION AND VENUE

5.	The Court has personal jurisdiction over the Plaintiff, as it is a Mississippi domestic corporation. The Court has person jurisdiction over Defendants John Deere Construction & Forestry Company and Deere & Company as sufficient minimum contacts exist with respect to this action and the State of Mississippi to satisfy the requirements of due process. Furthermore, all non-resident Defendants are subject to the jurisdiction of this Court, pursuant to Mississippi's long arm statute, Miss. Code. Ann. § 13-3-57. Furthermore, the non-resident Defendants reasonably anticipated being brought into Court in Mississippi to answer for their acts or omissions herein. It was the natural and foreseeable result of the acts and/or omissions of the Defendants that the events giving rise to this matter would occur in Stone County, Mississippi. Furthermore, subject-matter jurisdiction is appropriate in this Court as suit is brought for breach of warranty and the Mississippi Products Liability Act. Finally, venue is proper as Hickman Timber, Inc., resides and/or is domiciled in Stone County, Mississippi per Miss. Code. Ann. § 11-11-3(1)(b).

## FACTS

6.	On or about April 25, 2018, Hickman Timber, Inc. ("Hickman") purchased a John Deere 803M Track Feller Buncher, PIN/Serial No. 327925 (the "Feller Buncher") from Doggett Machinery Services in Covington, Louisiana. This Feller Buncher was to be used in the timber industry in which Hickman is engaged. Particularly, the Feller Buncher was to be used for cutting down, moving, and compiling trees during the timber and logging process. During the purchase transaction, Hickman was provided with a warranty for the Feller Buncher, and also purchased an

extended warranty. On information and belief, Deere & Company and/or John Does 1-10 designed and manufactured the Feller Buncher and provided the initial warranty for the Feller Buncher. On information and belief, Defendants John Deere Construction & Forestry Company and/or John Does 1-10 provided the extended warranty for the Feller Buncher.

7. Hickman took delivery of the Feller Buncher on a worksite in Forrest County, Mississippi in September, 2018.

8. In October, 2018, while the Feller Buncher was being used on the worksite in Forrest County, Mississippi, it began to experience some problems and suffered a broken cylinder. This was repaired.

9. On October 10, 2018, Hurricane Michael struck the Florida panhandle. On November 5, 2018, Hickman Timber moved its equipment, including the Feller Buncher, to Florida to assist in logging areas that were damaged by the hurricane.

10. On December 1, 2018, the Feller Buncher suffered another broken cylinder. Thereafter, the head of the Feller Buncher suffered several more broken cylinders, which caused metal to be circulated throughout the hydraulic system of the machine. Eventually, the Feller Buncher was put out of use because of the many problems that it had, and eventually, in late 2019, the Feller Buncher suffered a catastrophic failure and the Feller Buncher was out of use until after early 2020.

11. During this time, Hickman was performing services for Neal Land & Timber Company, Inc. in Florida. As a result of the repeated equipment failures, Hickman was unable to assist with the harvesting of timber from at least 1,000 acres, which caused Hickman to suffer a loss of revenue of at least $1,320,000.00.

12. Although the equipment was repaired under warranty, and a new head was eventually provided by the Defendants to Hickman, Hickman still suffered a severe loss of revenue and profits as a result of the failures of the Feller Buncher, as well as permanent damage to their business.

13. During the timeframe that the Feller Buncher was inoperable, Defendants Deere & Company, Defendants John Deere Construction & Forestry Company, and/or John Does 1-10 sent an engineer to view the Feller Buncher. The engineer reported to Hickman that the machine should not have been manufactured with the head that was placed on it as the head was outdated, or of improper design for the Feller Buncher, and should not have been used on the Feller Buncher. The engineer further stated that because of the improper head that was placed on it, the machine suffered the failures and catastrophic failures that it did. These failures caused damages to Hickman.

## CAUSES OF ACTION

## BREACH OF EXPRESS WARRANTIES

14. Hickman was provided a written warranty by Defendants Deere & Company and/or John Does 1-10 and an extended written warranty by the Defendants John Deere Construction & Forestry Company and John Does 1-10. The Defendants breached the warranties by not fully repairing the Feller Buncher as indicated above, though knowing the problems with the Feller Buncher and fully knowing the repairs that needed to be made to the Feller Buncher-including providing a new head to the Feller Buncher. The breach of the express warranties caused damage to Hickman.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## MISS. CODE. ANN. § 75-2-314

15. By Mississippi law, Defendants Deere & Company and/or John Does 1-10, provided an implied warranty of merchantability to the Feller Buncher in that the Feller Buncher was of merchantable quality. By Mississippi law, Defendants Deere & Company and/or John Does 1-10, provided an implied warranty of fitness for the ordinary purpose in that the Feller Buncher was fit to be used for the purpose of performing the feller buncher and timber services, and other tasks, for which the Feller Buncher should be used, and that it would conform to the promises or affirmations of fact as related to the usages for which the Feller Buncher was intended to be used. The Feller Buncher was not merchantable and could not be used for the ordinary purposes for which it was manufactured in that an improper head had been placed on it at the time of manufacture by Defendants Deere & Company and/or John Does 1-10, and, as a result thereof, caused damages to Hickman.

## IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## MISS. CODE ANN. § 75-2-315

16. Defendants Deere & Company and John Does 1-10 knew that the Feller Buncher was manufactured and marketed and to be used for the purpose of providing feller buncher and timber services in the logging industry for the end user, which in this case was Hickman. Hickman purchased the Feller Buncher for this purpose. However, the Feller Buncher could not be used for the particular purpose because of the Defendants' Deere & Company and John Does 1-10 acts and/or omissions in placing an improper head on the Feller Buncher at the factory, and then failing to provide proper and permanent repairs to the Feller Buncher. As a result, the violation of the warranty of fitness for a particular purpose by Defendants Deere & Company and John Does 1-10, Hickman suffered damages.

## MISSISSIPPI PRODUCT LIABILTY ACT
## MISS. CODE ANN. § 11-1-63

17. Pursuant to Miss. Code Ann. § 11-1-63, the Feller Buncher, as designed by the Defendants Deere & Company and John Does 1-10, was defective because it deviated in a material way from the manufacturer's specification or from otherwise identical units manufactured to the same manufacturing specifications. To wit, the head of the Feller Buncher and the Feller Buncher itself were not designed to work properly together, thus causing a failure of the Feller Buncher and the Feller Buncher's head.

18. Furthermore, the Feller Buncher was designed by Defendants Deere & Company and John Does 1-10 in a defective manner in that the head of the Feller Buncher and the Feller Buncher itself were not designed to work together. This design defect caused the failures and catastrophic failures of the Feller Buncher.

19. Furthermore, it is believed that there were Feller Buncher heads, and Feller Bunchers, of alternative design that were being manufactured, present and available to be sold by Defendants Deere & Company, and John Does 1-10, to Hickman that would have performed properly under the circumstances, and that would not have caused the loss suffered by Hickman.

20. Furthermore, Defendants Deere & Company, John Deere Construction & Forestry Company and John Does 1-10 breached their express warranties and the Feller Buncher failed to conform to the expressed factual representations upon which Hickman justifiably relied in electing to purchase and use the product, in that, Hickman believed, as represented by the Defendants Deere & Company and John Does 1-10, that the Feller Buncher could be used in the timber operations and business in which Hickman was engaged, but, because of its defects, it could not, and it was rendered unusable as a result of the defects.

21. All of the defects set forth herein caused damages to Hickman.

## NEGLIGENCE

22. Defendants Deere & Company and John Does 1-10 had a duty to Hickman, and other similarly situated, to not attach an improper head or a defective head to the Feller Buncher, which Deere & Company and John Does 1-10 knew or should have known would cause failures and catastrophic failures of the feller buncher. Defendants Deere & Company and John Does 1-10 breached this duty to Hickman by pairing the Feller Buncher with a head that was inoperable with the Feller Buncher and caused damage to the Feller Buncher, said breach having caused substantial damages to Hickman.

## DAMAGES

23. As a result of the acts and/or omissions of the Defendants, Hickman suffered damages, including, but not limited to,

   a. Property damage to the Feller Buncher;

   b. Diminution of value of the Feller Buncher;

   c. Costs to mitigate damages,;

   d. Loss of business revenue, income, and profits;

   e. Costs to have the Feller Buncher serviced and repaired;

   f. Cost of parts for the Feller Buncher;

   g. Travel time, down time, and travel expense to take the Feller Buncher for servicing;

   h. Breach of warranty damages;

   i. Loss of use of the Feller Buncher;

   j. Attorneys fees, costs, and expenses;

   k. Court costs; and

   l. Any and all other damages to be proven at the trial in this cause.

## PUNITIVE DAMAGES

24.     In all acts, omissions, occurrences, events, breaches, and in any and all claims and causes of action stated herein above, and those discovered during the pendency of this action and/or to be proven at the trial of this cause, the Defendants acted intentionally, willfully, wantonly, knowingly, with malice, with reckless disregard and/or were grossly negligent. Accordingly, Hickman is entitled to punitive damages, attorney's fees, costs, and expenses, and Court costs, in order to punish the Defendants for their conduct, and set as an example to other similarly situated entities and persons that reprehensible conduct on their part, and against unwitting customers, will be punished severely.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Hickman Timber, Inc., respectfully requests that the Court find in its favor as to all causes of action set forth herein above, and award damages as set forth herein above, against all Defendants herein, as well as punitive damages, attorneys' fees and expenses, costs of court, pre-judgment interest and post-judgment interest.

FURTHER, PREMISES CONSIDERED, this matter is ongoing, and, therefore, Plaintiff, Hickman Timber, Inc., reserves the right to allege additional facts, events, occurrences, claims, causes of action, and damages, in this matter, and set forth generally herein any and all claims, causes and damages to which they may be entitled, but have not specifically plead.

FURTHER, PREMISES CONSIDERED, Plaintiff, Hickman Timber, Inc., respectfully request the Court grant them any and all other relief, at law or in equity, to which they are entitled in this matter.

RESPECTFULLY SUBMITTED, on this the 18th day of January, 2022.

BY:

HICKMAN TIMBER, INC.,
PLAINTIFF

Seth M. Hunter (MSB# 101145)
Dukes Dukes & Hunter
P.O. Box 2055
Hattiesburg, MS 39403
Tel: (601) 544-4121
Fax: (601) 544-4425
E-Mail: shunter@jdukeslaw.com
*Attorney for Hickman Timber, Inc.*